UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No. 3:20-CR-83 JD

SYLVESTER EMBREY

**OPINION AND ORDER**

The incarcerated Defendant, Sylvester Embry, proceeding *pro se*, has filed a letter with the court requesting that his sentence be changed to grant him house arrest based upon his risk of contracting severe illness from COVID-19 due to his preexisting health condition. (DE 67.) The Court construes this a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons herein, the motion will be denied.

**A. Background**

In 2020, Mr. Embry was charged by the Government with being a felon in possession of a firearm. In 2021, Mr. Embry was found guilty, after pleading guilty, of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and the Court sentenced him to 33 months imprisonment. (DE 53.) This charge stemmed from an Indiana State Police investigation of alleged drug dealing at Mr. Embry's home. In May 2020, police observed Mr. Embry conduct a hand-to-hand drug transaction outside his house and recovered marijuana and cocaine residue from his garbage. Later in May, the police executed a search warrant on Mr. Embry's home and found 1.03 pounds of marijuana, a small amount of cocaine, and a stolen Glock .40 caliber pistol with an extended magazine. After being read his *Miranda* warning, Mr.

Embry agreed to answer questions and admitted to the police that he kept a gun in his home for protection. Ms. Hampton remains incarcerated with an anticipated release date in 2024.

Ms. Hampton filed a letter which the Court construes as a motion for compassionate release from custody pursuant to 18 U.S.C. § 3582 on May 19, 2022. (DE 67.) The Court referred his motion to the Federal Community Defender's Office, which determined that it was unable to assist him. Therefore, the Court will consider Mr. Embry's own submissions. The Government filed a response to his motion and Mr. Embry filed two letters in reply, so this motion is ripe for adjudication.

**B. Standard of Review**

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (*cert*. denied 142 S. Ct. 1363 (2022)). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court, in the discretion conferred by the statute, considers any applicable § 3553(a) factors as part of determining what reduction to award the defendant. *Id.*

The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) (finding the substantive aspects of U.S.S.G. § 1B1.13 and its Application Notes provide a "working definition" of "extraordinary and compelling reasons" that can guide a court's discretion "without being conclusive").

In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where [she] is housed and [her] personal health conditions." *United States v. Council*, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020); *see also United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes her especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic).

**C. Discussion**

Having reviewed Mr. Embry's submissions, the Court finds that he did not exhaust his administrative remedies within the Bureau of Prisons ("BOP") as required by statute and that he has not established an extraordinary and compelling reason warranting modification of his sentence. The Court also finds that the § 3553(a) factors would weight against Mr. Embry's release.

**(1)** *Mr. Embry has not exhausted his administrative remedies as required by the governing statute*

Mr. Embry initially offered no evidence that he made a request for compassionate release to the BOP and exhausted his administrative remedies seeking compassionate release. It is a mandatory claims processing rule of § 3582 that the inmate must present his request for compassionate release to the BOP before presenting it before a court. 18 U.S.C. § 3582(c); *United States v. Sanford*, 986 F.3d 779, 781–82 (7th Cir. 2021). Subsequent to the Government raising this issue in their response, Mr. Embry submitted a letter to the Court on July 5, 2022, which included a copy of a BOP request he made for compassionate release. (DE 75 at 3.) The BOP document attached to this letter indicates Mr. Embry submitted it to the warden on May 24, 2022, and it was rejected on May 27, 2022, due to Mr. Embry's failure to specify a basis for compassionate release. (*Id.*) This administrative request was clearly filed after Mr. Embry filed his initial letter with the Court on May 19, 2022. (DE 67.)

While the Seventh Circuit has not published a case on this precise issue, the Circuit has issued unpublished decisions which hold that an inmate must exhaust his administrative remedies *prior to* filing his motion with the Court. *United States v. Norris*, 2022 WL 1091564, *1 (7th Cir. Apr. 12, 2022) (unpublished) ("A court may grant a defendant's motion for compassionate

4

release only if he files it after he 'has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf' or 'after ... the lapse of 30 days from the receipt of such a request by the warden.'" (citing 18 U.S.C. § 3582(c)(1)(A)); *United States v. Cox*, 851 Fed. Appx. 632, 633 (7th Cir. 2021) (unpublished) (finding an inmate failed to exhaust when he filed his court action only 18 days after presenting request to warden instead of the statutorily required 30). The Court adopts the reasoning of these opinions and finds it to be consistent with published Seventh Circuit precedent defining what constitutes exhaustion. *See United States v. Martin*, 21 F.4th 944, 945 (7th Cir. 2021) (finding exhaustion was satisfied because the inmate had filed evidence that he made a request to the warden 30 days prior to initiating judicial proceedings). Consequently, the fact Mr. Embry did not exhaust his administrative remedies *prior to* filing his motion with the Court means he has not complied with the requirements of the statute and the Court would deny his motion on this basis alone.

**(2) *Mr. Embry has not established an extraordinary and compelling reason for his release***

The Court also finds that, even if Mr. Embry had exhausted his administrative remedies, it would deny his motion as he has failed to articulate an extraordinary and compelling reason for his release. Mr. Embry specifically alleges his risk of severe illness or death from COVID-19 infection based on his preexisting medical condition constitutes an extraordinary and compelling reason. Mr. Embry also expresses a desire to return home so he can provide guardianship and guidance to his two sons, particularly his sixteen-year-old son, who is currently in the custody of

5

the boy's grandmother and who Mr. Embry believes is at risk of entering a criminal lifestyle.[1] Mr. Embry also references his rehabilitative efforts while in prison. The Court will address each of these arguments in turn.

Beginning with Mr. Embry's COVID-19 related claims, Mr. Embry refers to an unspecified "problem with [his] kidney" (DE 67 at 1) as his only medical condition. The Government's response notes there is no record of any kidney problems in Mr. Embry's BOP medical files (DE 73 at 4–5; DE 73-3 at 3, DE 73-4 at 31.) Mr. Embry's subsequent letters provide no further detail on the nature of his alleged health condition or any evidence to corroborate the existence of such a condition. The lack of any evidence or detail about this alleged condition precludes meaningful review of Mr. Embry's argument by the Court.

Further, even if the Court accepted Mr. Embry's allegations regarding his health at face value, those conditions cannot constitute an extraordinary and compelling reason as Mr. Embry has been fully vaccinated against COVID-19.[2] (DE 76 at 3.) The Seventh Circuit has clearly held that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Embry has offered no explanation why he is different from the vast majority of prisoners or why a vaccine is insufficient to offer him effective relief. As previously noted, Mr. Embry does not discuss his alleged health condition in any particular detail. Nor does he offer any sort of specific detail

---

[1] Mr. Embry also refers to his two-year-old son, but does not provide specific details on why that child needs his presence.

[2] Subsequent to the government's response brief, which noted the BOP records showed Mr. Embry had not been vaccinated, he wrote to the Court indicating he had taken the vaccine. (DE 76 at 1.) Mr. Embry does not submit any corroborating evidence for this claim, but for the purposes of this motion the Court assumes, without deciding, Mr. Embry has been vaccinated.

about what his issue is or why it is so severe that it would significantly complicate any potential COVID-19 infection. Consequently, the Court finds that Mr. Embry has not established an extraordinary and compelling reason warranting a modification of his sentence based on COVID-19 risks.

The Court now turns to Mr. Embry's claims related to his sixteen-year-old son. The Sentencing Guidelines policy statement related to compassionate release does mention family circumstances as a basis for compassionate release. U.S.S.G. § 1B1.13 n.1. This policy statement and its definitions are not binding, but it provides useful guidance to the district courts. *Gunn*, 980 at 1180. The family circumstances section of this statement states the following should be considered extraordinary and compelling reasons:

> "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."
>
> U.S.S.G. § 1B1.13 n.1.

As Mr. Embry's son has a capable caregiver, the statement does not provide direct guidance on his case. Further, the Court, in utilizing its discretion to interpret what constitutes an extraordinary and compelling reason, does not find Mr. Embry's desire to be present to provide guidance to his son constitutes an extraordinary and compelling reason. Mr. Embry's desire to care for his child who he perceives in need is natural and commendable, but it is not extraordinary as it is certainly an issue faced by many individuals who are incarcerated. *See United States v. Richardson*, 2021 WL 533693, *3 (S.D. Ind. Feb. 5, 2021) (finding a father's desire to care for his children was not an extraordinary and compelling reason); *see also United*

*States v. Martin*, 2022 WL 103831, *6 (S.D. Ind. Jan. 10, 2022) (finding defendant's desire to care for an ill family member was not an extraordinary or compelling reason). Consequently, this does not serve as a reason to modify Mr. Embry's sentence.

Mr. Embry's rehabilitative efforts in prison likewise do not qualify as an extraordinary and compelling reason. The Court will note that Mr. Embry is to be commended for his efforts at rehabilitating himself while incarcerated, and his completion of anger management and other courses reflect positively upon him. However, rehabilitative efforts are not sufficient to independently constitute an extraordinary and compelling reason. *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022). While such efforts can be considered alongside other factors, for the reasons previously discussed the Court does not find any other factors alone or in combination with Mr. Embry's rehabilitative efforts constitute an extraordinary and compelling reason for sentence modification.

Consequently, even if Mr. Embry had properly exhausted his administrative remedies, the Court would deny his motion as he has failed to establish an extraordinary and compelling reason for a modification of his sentence.

### (3) *The Court finds that the § 3553(a) factors weigh against Mr. Embry's release*

The Court also concludes, that even if Mr. Embry had satisfied the first step, the § 3553(a) factors would weigh against his release. Mr. Embry does not specifically discuss the § 3553(a) factors in his motion, but the Court construes his discussion of his rehabilitative efforts in prison, good behavior on pre-trial home confinement, and plan for work if released as indirect argument of the factors.

As previously noted, Mr. Embry is to be commended for his rehabilitative efforts and his good behavior on pretrial detention and plan for work upon release also reflect well upon him. Nonetheless, the Court must disagree with his arguments. The § 3553(a) factors include a requirement that the sentence imposed should "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Mr. Embry illegally possessed a stolen firearm for protection while conducting a drug dealing enterprise, these actions create a danger to the community which the Court must protect the public against and adequately deter others from committing. Further, Mr. Embry undertook these actions from his home where multiple minor children were present which aggravates the seriousness of his conduct.

Moreover, Mr. Embry has completed less than half of his 33-month sentence. The Court finds that a modification of its original sentence to less than half of the original term imposed would fail to reflect the seriousness of Mr. Embry's conduct, promote respect for the law, and provide just punishment for his offense. Accordingly, the Court finds that the § 3553(a) factors would weigh against Mr. Embry's release even if he had properly exhausted his administrative remedies and provided an extraordinary and compelling reason for his release.

### (4) *The Court does not have authority to direct BOP's housing decisions*

To the extent Mr. Embry sought the Court to direct the BOP to place Mr. Embry on home confinement, the Court lacks the authority to do so.[3] The Bureau of Prisons has the sole

---

[3] Mr. Embry's initial letter to the Court requested "change my sentence to house arrest." (DE 67 at 1). While the Court construes it is a request for modification of his sentence pursuant to § 3582, it will also address the possibility that Mr. Embry sought the Court to direct a BOP housing decision.

discretion to determine the place of a defendant's imprisonment. 18 U.S.C. § 3621(b). Accordingly, the Court cannot grant Mr. Embry any relief of this type.

**D. Conclusion**

For the following reasons, the Court DENIES Mr. Embry's motion for compassionate release. (DE 67.)

SO ORDERED.

ENTERED: October 21, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court
